IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALPHA GBUNBLEE,                    :
                                   :
        Petitioner                 :
                                   :
    v.                             :        CIVIL NO. 3:CV-12-715
                                   :                            **FILED**
ERIC HOLDER, ET AL.,               :        (Judge Conaboy)    **SCRANTON**
                                   :
        Respondents                :                           MAY 16 2012

PER_____ _____
DEPUTY CLERK

**MEMORANDUM**
**Background**

Alpha Gbunblee, a detainee of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") presently confined at the Pike County Prison, Lords Valley, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Named as Respondents are Attorney General Eric Holder, Warden Craig Lowe of the Pike County Prison, Secretary Janet Napolitano of the Department of Homeland Security, and ICE Field Officer Director Thomas Decker.[1]  Petitioner has also filed an application requesting leave to proceed in forma pauperis which will be granted.

Gbunblee describes himself as being a native and citizen of Liberia who entered the United States in 1998 as a refugee.  His petition acknowledges that he has been convicted of drug related offenses in the Montgomery County, Pennsylvania Court of Common

---

[1]   The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official.  See 28 U.S.C. § 2242.

1

Pleas.  See Doc. 1, ¶ 11.  He further admits that an Immigration Judge (IJ) ordered his removal from the United States on June 15, 2011 and that said determination was affirmed by the Board of Immigration Appeals (BIA) on or about November 4, 2011.

Petitioner's pending action challenges his continued detention pending removal.  His petition claims that he has been in ICE custody since January 18, 2011 and is improperly being denied release.  Gbunblee adds that ICE has been unable to effect his removal despite having had ample opportunity and his full cooperation.[2]  As relief, Petitioner seeks his immediate release subject to reasonable terms of supervision.  See id. at p. 8.

### Discussion

After the entry of a final administrative order of removal,  8 U.S.C. § 1231 grants the Attorney General ninety (90) days in which to remove an alien from the United States, during which time detention is mandatory.[3]  At the conclusion of the ninety (90) day

---

[2]  Petitioner contends that Panama will not issue a travel document because it cannot fully establish his identity.  See id. at ¶ 15.

[3]  Section 1231(a)(1)(B) provides:

The removal period begins to run on the latest of the following:

(i)    The date the order of removal becomes administratively final.

(ii)    If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.

(continued...)

2

period, the alien may be held in continued detention, or may be released under continued supervision. <u>See</u> § 1231(a)(3) & (6).

Pursuant to 8 C.F.R. § 241.4, immediately following the expiration of the ninety (90) day removal period, the ICE's field office director having jurisdiction over the alien shall initiate an initial custody determination as to whether the detainee should be released. The ICE has also adopted 8 C.F.R. § 241.13 which "establishes special review procedures for those aliens who are subject to a final order of removal and are detained under the custody review procedures provided at § 241.4 after the expiration of the removal period, where the alien has provided good reason to believe there is no significant likelihood of removal to the country to which he or she was ordered removed, or to a third country, in the reasonably foreseeable future." 8 C.F.R. § 241.13(a).

Specifically, an eligible alien may make a written request for release to the ICE's Headquarters Post-order Detention Unit (HQPDU), "asserting the basis for the alien's belief that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future to the country to which the alien was ordered removed and there is no third country willing to accept the

_____

[3](...continued)
            (iii)   If the alien is detained or confined (except
            under an immigration process), the date the alien is
            released from detention or confinement. At the
            conclusion of the 90 day period, the alien may be held in
            continued detention, or may be released under continued
            supervision. 8 U.S.C. §§1231(a)(3) & (6).

alien." 8 C.F.R. § 241.13(d)(1).

Within ten (10) business days of receipt of the request, the HQPDU must provide the alien a written response acknowledging receipt of his request and explaining the procedures that will be used to evaluate the request. 8 C.F.R. § 241.13(e)(1).  The HQPDU may grant an interview to the alien if such an interview would "provide assistance in rendering a decision." 8 C.F.R. § 241.13 (e)(5).  The factors that the HQPDU must consider include:

> the history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question, and the receiving country's willingness to accept the alien into its territory.

8 C.F.R. § 241.13(f).  The Regulation further provides that the "HQPDU shall issue a written decision based on the administrative record, including any documentation provided by the alien, regarding the likelihood of removal and whether there is a significant likelihood that the alien will be removed in the reasonably foreseeable future under the circumstances. The HQPDU shall provide the decision to the alien, with a copy to counsel of record, by regular mail." 8 C.F.R. § 241.13(g).[4]

---

[4] Reasoning that indefinite detention "would raise serious constitutional concerns," the Supreme Court concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from
(continued...)

According to the Petition, Gbunblee is a native and citizen of Liberia who entered this country as a refugee on or about September 10, 1998.  He has drug related convictions in this country.  On June 15, 2011, an Immigration Judge ordered Petitioner's removal to Liberia.  Petitioner states that the order of removal became final when the BIA affirmed the IJ's decision on November 4, 2011.

The ninety (90) day period of post-final order mandatory detention authorized by § 1231 undisputably expired prior to the filing of this action. Thereafter, in accordance with its mandate to make an immediate determination as to whether Gbunblee should be released, ICE issued a decision dated January 13, 2012, to continue Petitioner's detention.  See Doc. 1, ¶ 17.  The decision also noted that if the Petitioner was not removed by May 3, 2012, his case would be transferred to the HQPDU.

Inasmuch as Gbunblee challenged his continued detention by filing a petition for a writ of habeas corpus under § 2241 on April 14, 2012 and there is no indication that he has sought relief from the HQPDU,[5] ICE is instructed, in accordance with the directive of the Attorney General, to treat, as of this date, the petition as a request for release under 8 C.F.R. § 241.13.  See Caulker v.

---

[4](...continued)
the United States.  It does not permit indefinite detention."
Zadvydas v. Davis, 533 U.S. 678, 689  (2001).  To establish uniformity in the federal courts, the Court recognized six (6) months as a "presumptively reasonable period of detention."  Id. at 701.

[5] Petitioner's pending action is dated April 14, 2012, prior to the transfer of his case to HQPDU.

Gonzales, Civil No. 3:CV-08-1877, slip op. (M.D. Pa. Oct. 16, 2008)(Vanaskie, J.).  Darcelin v. Sabol, Civil No. 3:CV-09-74 slip op. (M.D. Pa. May 14, 2009)(Conaboy, J.); Zhang v. United States Attorney General, Civil No. 3:CV-02-336 slip op.  (M.D. Pa. March 11, 2002)(Conaboy, J.); Singh v. INS, Civil No. 1:CV-01-1820, slip op. (M.D. Pa. Oct. 2, 2001)(Rambo, J.).

ICE/HQPDU shall respond to the request as mandated by its regulations.  Having referred the matter to the ICE for disposition under existing administrative review procedures, the petition will be dismissed without prejudice.  However, in the event the ICE/HQPDU fails to make a timely or favorable response, Petitioner may again seek federal habeas corpus relief.  An appropriate Order will enter.


RICHARD P. CONABOY
United States District Judge


DATED: MAY 15 , 2012